The next case this morning is 523-0503, People v. Davidson. Arguing for the appellant is Jennifer Lassie. Arguing for the appellee is Stephanie Raymond. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Good morning, counsel. Thank you for your patience with us this morning. Ms. Lassie, are you ready to proceed? Yes, your honor. Then go right ahead. May it please the court, counsel. My name is Jennifer Lassie and I represent the defendant appellant, Mr. Davidson. The state failed to present sufficient evidence that Mr. Davidson committed domestic battery against the complainant, Holiday. To prove domestic battery, the state was required to prove beyond a reasonable doubt that Mr. Davidson knowingly made physical contact of an insulting or provoking nature and that the contact was with a family or household member. Mr. Davidson does not contest that Holiday was a family or household member. However, the state failed to prove that any contact from the door was done knowingly and failed to prove that the contact from the door or hair pulling occurred at all. It's important to note that a witness's credibility is affected by his or her prior convictions for felonies or crimes of dishonesty, and here the complainant, Holiday, and Samehla were both impeached with their prior convictions. Holiday had been convicted of obstruction of identification for lying to police and Samehla had been convicted of at least four felonies and was in jail for multiple pending charges at the time of Mr. Davidson's trial. Between Holiday and Samehla, various inconsistent versions of events were given. Holiday emailed the prosecutor before trial, just one day after the physical, just one day after the incident, and said that no physical altercation ever occurred and that it was only verbal. At trial, she said that the door struck her arm, not Mr. Davidson, and she never even explained who set the door into motion. This is comparable to the incidental and unintentional contact discussed in the Lee case and cited in the briefs. As for the hair pulling, Holiday claimed at trial that Mr. Davidson pulled her hair as she exited the apartment, and then she seemed to change her testimony on cross-examination and say that the hair pulling occurred as she attempted to re-enter. And of course, all of this was contradicted by her email that she sent before trial saying that no physical altercation occurred. Witness Samehla never mentioned the door being slammed on Holiday's arm. However, with respect to the hair pulling, he claimed it happened while Holiday was seated on the stoop outside of the apartment, which doesn't match any version of events that Holiday provided. Now, the state notes that domestic violence victims are often reluctant to prosecute, and that's true. And the state argues that Holiday was asked about her claims and clarified her inconsistent statements at trial. However, Holiday was asked at trial to clarify whether her email was true or whether her trial testimony was true, and she seemed to say that both were true. And when pressed to explain herself, she never clarified for the court or jurors which one was accurate. So, this case really is similar to the incidental and unintentional contact in Lee and the inconsistent and unreasonable unsatisfactory testimony provided in the McCarthy case, both of which are cited in the briefs. Here, the testimony was inconsistent, unreasonable, unsatisfactory, and the state fell to meet its burden. And because of this, we would respectfully ask this court to reverse Mr. Davidson's conviction for domestic battery. And unless your honors had any questions, I will save the rest for rebuttal. I'm trying to look in my notes. As I stated earlier, when you have a couple of days of docket, some of these facts kind of run together. I believe this was a jury trial, not a bench trial. Is that correct? That's correct, your honor. Okay. And obviously, I think Madam Clerk forgot to turn the timer on, which is perfectly fine. Do you have any further arguments or just wait till rebuttal? I'll wait till the rebuttal, your honor. Okay. But before we let you go, Justice Vaughn or Justice Schiller, do you have any questions? Not at this time. I have no questions. Thank you. Okay. Thank you. Ms. Raymond, go right ahead. May it please the court, your honors, counsel. My name is Stephanie of Illinois in this matter. It's the state's position that they did prove defendant guilty of domestic battery beyond a reasonable doubt, where they had to prove that defendant made knowing physical contact of an insulting or provoking nature. And that person was a family or household member. As defendant correctly points out, they do not dispute the family or household member. They do dispute the knowing contact. A person acts knowingly when he or she is consciously aware that his conduct is practically certain to cause a result. Circumstantial evidence can prove intent in this case. And here, defendant does not dispute that he wanted the victim out of the apartment. And to do that, to accomplish that result, he pushed her out of the door, which she testified to, and pulls her hair. And then regarding the hair pulling, Samella testified that her hair was pulled. The fact that her hair was pulled when she was coming in or coming out is irrelevant. It's a minor inconsistency that does not create doubt, reasonable doubt in this case. Defendant made contact with her because he was trying to push her and get her out of the apartment. In doing that, that proves his guilt in this case. When the cops arrived, they noted that the victim was teary-eyed. She was scared. She was timid. She did not want to discuss because she was afraid of punishment. She did send an email after the fact, but when asked about that email, she noted that she sent the email because she was trying to help the defendant and because she loved him. It's also notable that at the time of her testimony, she was still in a dating relationship with the defendant and still resided at the apartment where this incident occurred. Regarding the Lee case, the state believes that that is distinguishable due to the fact that in that case, the nurse initiated contact with the patient in trying to remove his necklace. When she did that, the defendant in that case put his arms up in order to prevent such and contact was made after that. That's distinguishable from this case where there's no indication in the record that the victim is the one who initiated contact, nor was it a situation where it was incidental or unintentional where defendant does not dispute that he wanted her out of his and this is the way he accomplished it. Regarding the McCarthy case, there were several different witnesses in that case that were changing their stories after they conferred with each other. That is not a situation that we have present in this case. In this case, it's the state's position that defendant acted knowingly when he made physical contact with the victim of an insulting or provoking nature. The insulting or provoking nature of the contact is just that. You look at the nature of the contact and not the impact on the victim. So, it's the state's position that they did in fact prove defendant guilty beyond a reasonable doubt. Regarding the inconsistencies, if there were any, they were minor, it is the trier of fact, which in this case was the jury, that determines the weight to be given to testimony, what testimony to believe, what testimony not to believe. They are free to accept or reject all or part of any of either of their testimonies. Because they didn't accept 100% of Samela's testimony does not mean that they rejected the part regarding the pulling of her hair. The consistency is that the hair was pulled. So, in an instance where his case was, his charge against him was not proven, that's separate and apart from this instant case in this instant matter. So, it's the state's position that defendant was proven guilty and we would ask that you affirm the defendant's conviction and sentences. Are there any questions? Justice Vaughn or Justice Schoeller, any questions? No questions. We don't have any questions. Thank you. Thank you. Thank you, counsel. Ms. Lassie, go right ahead with your rebuttal. Thank you, your honor. I just wanted to clarify that the alleged act of pushing wasn't one of the charges. It was the striking with the door and the hair pulling that the charge that the domestic battery charge stemmed from, just to avoid any confusion about that. The state argues that it was minor inconsistencies, minor inconsistencies were given with respect to the hair pulling. However, I would disagree. Between the two witnesses, we had four different versions of events. The complainant tested, well, first before trial even began, the complainant informed the state no physical altercation had occurred at all. Then on the stand, the complainant said the hair pulling happened as she exited the apartment. Then it was as she tried to enter the apartment. And then a fourth version was given by witness Cimela, which was the hair pulling occurred while she was seated on the stoop. And these inconsistencies matter. This is too conflicting and too inconsistent to sustain a guilty verdict. With respect to Officer Davis's impression of Holiday when he arrived upon the scene, the state notes that Davis interpreted Holiday to appear timid or scared or afraid of punishment. And I don't think the record makes clear what kind of punishment she was afraid of, whether it was Mr. Davidson or punishment by the law, perhaps for her own participation in, you know, in whatever she had done that day. So I don't think the record is clear at all that she was afraid of Mr. Davidson. It could have simply been that she was afraid of police as well. So the state also argues that the contact here wasn't comparable to the contact in Lee. However, I would urge your honors to look at Lee and to look at this case. Knowingly means that a person is consciously aware that his conduct is of such a nature that it's practically certain to cause the results. Knowingly describes a conscious and deliberate quality. It's more than reckless. Knowingly is intentional. Reckless is when someone consciously disregards a substantial and unjustifiable risk. So with respect to the door, I don't think the state proved anything more than reckless at best. So I would urge your honors to consider the definition of knowingly and to look at the Lee case when considering the facts of this case. And unless your honors have any questions, we would respectfully ask that you reverse Mr. Davidson's conviction for a domestic battery. Well, thank you, counsel. Before we let you all go for the day, Justice Scholar or Justice Vaughn, do you have any final questions? No final questions. Thank you. None. Thank you. Well, thank you, counsel. Obviously, we'll take the matter under advisement. We'll issue an order in due course.